IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:09cr156  (GBL) |
| Sherman Alan Turner, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

THIS MATTER is before the Court for sentencing. On September 18, 2009, Mr. Turner pled guilty to possessing a firearm after being convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g). The issue at sentencing is whether Mr. Turner's previous conviction for larceny from the person under Virginia Code § 18.2-95 qualifies as a predicate offense under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii).[1] The Court holds that larceny from the person under Virginia law constitutes a "violent felony" under the residual clause of the ACCA because, in addition to presenting a serious potential risk of physical injury to another, it

---

[1] The offense does not qualify as a "violent felony" under § 924(e)(2)(B)(i) because it does not have "as an element the use, attempted use, or threatened use of physical force against the person of another[.]" 18 U.S.C. § 924(e)(2)(B)(i)(2000). Likewise, the offense is not among the enumerated offenses listed in § 924(e)(2)(B)(ii).

1

involves conduct that is purposeful, violent and aggressive. Therefore, Mr. Turner is subject to the ACCA's fifteen year mandatory minimum sentence enhancement.

## I. BACKGROUND

On January 9, 2009, a park police officer found Defendant and a woman inside his truck in the parking lot near the Belle Haven picnic area along the George Washington Memorial Parkway in Fairfax, Virginia, engaged in suspicious activity. The officer searched the truck and recovered marijuana and a loaded handgun. Thereafter, Defendant pled guilty to possessing a firearm after being convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g).[2] At the time of his plea, Defendant had three prior relevant convictions—robbery, burglary and larceny from the person. The Presentence Report states that these prior convictions qualify Defendant for the ACCA's mandatory minimum sentence enhancement. Defendant contends that the ACCA sentence enhancement does not apply because larceny from a person under Virginia Code § 18.2-95 is not an ACCA predicate violent felony.

---

[2] 18 U.S.C. § 922(g)(1) prohibits any person with a prior felony conviction from shipping or transporting in interstate commerce any firearm, or from receiving any firearm which has been shipped or transported in interstate commerce.

2

## II. STANDARD OF REVIEW

The ACCA's fifteen-year mandatory minimum sentence enhancement applies "[i]n the case of a person who violates [§] 922(g) ... and has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another[.]" 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

In conducting its analysis to determine whether a crime is a violent felony a court must adopt a categorical approach, looking to the statutory definition of the offense and not "to the particular facts underlying" the conviction. *Taylor v. United States*, 495 U.S. 575, 600 (1990). That is, a court "consider[s] whether the elements of the offense are of the type that would justify its inclusion within [§ 924(e)(2)(B).]" *James v. United States*, 550 U.S. 192, 202 (2007). This requires an examination of the generic offense of which the defendant was

convicted and not the evidence surrounding the defendant's particular case. *Id.* at 204-06.

The Supreme Court in *Begay* employed a two-part test to determine whether the offense qualifies as a predicate offense under the ACCA's residual clause. *Begay*, 128 S. Ct. at 1584. First, the court must determine whether the defendant's offense involves conduct that "presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii); *James*, 550 U.S. at 201-02. Second, the court determines whether the defendant's offense is "roughly similar[] in kind" to the enumerated offenses in § 924(e)(2)(B)(ii). *United States v. Begay*, 128 S. Ct. 1581, 1585 (2008). To be similar in kind the offense must involve violent, aggressive, and purposeful conduct. *See Id.* at 1586 (internal citations omitted).

### III. ANALYSIS

The Court holds that Defendant qualifies for the ACCA's mandatory minimum sentence enhancement because larceny from the person under Virginia Code § 18.2-95 is a violent felony for purposes of the ACCA. To qualify as a "violent felony" under the ACCA's residual clause, an offense must involve conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii). To make that determination, a court employs a categorical approach, looking to the statutory

definition of the offense and not "to the particular facts underlying" the conviction. *Taylor*, 495 U.S. at 600. In doing so, courts avoid the "practical difficulties and potential unfairness of a factual approach" which would easily arise given the differences among the states in labeling their offenses. *Id.*

Here, the Court looks at the elements of larceny from the person under Virginia Code § 18.2-95 to determine whether it properly falls within the residual clause. Under Virginia law, "[a]ny person who [] commits larceny from the person of another of money or other thing of value of $5 or more . . . shall be guilty of grand larceny[.]" VA. CODE ANN. § 18.2-95 (2009). The elements of the offense are: (1) the taking and carrying away; (2) with intent to steal; (3) against the owner's will and consent; (4) property worth $5 or more. VA. MODEL JURY INSTRUCTIONS No. G36.120 (2008). In Virginia, "from the person" extends "not only [to] theft of property from physical contact with the victim, but also theft of property that is in the victim's possession and within his immediate custody and control." *Garland v. Commonwealth*, 446 S.E. 2d 628, 631 (Va. Ct. App. 1994) (citation omitted). With these elements in mind, the Court now moves to its analysis of the two-part test.

A.  Serious potential risk of physical injury

Like burglary, its closest analog among the enumerated ACCA offenses, Virginia's larceny from the person presents a serious potential risk of physical injury to another because both burglary and larceny from the person involve the potential for physical confrontation between an innocent person and the offender. Whether an offense presents a serious potential risk of physical injury depends on the risk it poses as compared to one or more of the enumerated offenses. *Begay*, 128 S. Ct. at 1585. "[T]he risk arises not from the completion of the burglary, but from the possibility that an innocent person might appear while the crime is in progress." *James*, 550 U.S. at 1594-95. The concern in burglary is that an innocent person will be physically injured in a face-to-face confrontation when he tries to fend off an intruder attempting to break into his home. Larceny from the person presents a similar serious potential risk of physical injury to another because the property in question is necessarily on the victim's person or within his immediate control at the time of the offense. § 18.2-95. Hence, the risk of physical confrontation is two-fold. On one hand, the offender, in carrying out his objective, may use force to make the victim relinquish his property. On the other hand, the victim, realizing that his property is in

6

jeopardy, may attempt to repel the offender with force or physically challenge the offender to reclaim his property. In either instance, there is a serious potential risk that the victim will be injured during the confrontation.

Judge Cacheris reached a similar result in *United States v. Harris*, No. 08-cr-45, 2008 WL 2228526, at *3 (E.D. Va. May 29, 2009). There, the defendant objected to application of the career offender status based on his prior conviction for Virginia's larceny from the person. *Id.* at *1. The court, however, found that the offense qualified as a crime of violence within the definition of U.S.S.G. § 4B1.2(a).[3] *Id.* at *3. In reaching its conclusion, the court reasoned that "'any person falling victim to a crime involving such an invasion of space . . . would likely resist or defend in a manner that could lead to immediate violence.'" *Id.* at *3 (quoting *United States v. Payne*, 163 F.3d 371, 375 (6th Cir. 1988).

Many circuit courts of appeals have likewise found that larceny from the person creates a serious potential risk of physical injury to another and held that larceny from the person is a violent felony under the ACCA. *See United States v. Thrower*, 584 F.3d 70, 75 (2d Cir. 2009) ("Because of this

---

[3] Although *Harris* was decided under U.S.S.G. § 4B1.2(a)(2), the Court finds the decision instructive because the term "crime of violence" in U.S.S.G. § 4B1.2(a)(2) is largely identical to "violent felony" under the ACCA.

7

possibility of confrontation, there is an assumption that the perpetrator is aware of the risk, and most likely is prepared to use violent means to escape or complete his criminal objective." (citing *Taylor*, 495 U.S. at 588)); United *States v. Howze*, 343 F.3d 919, 923-24 (7th Cir. 2003)("What theft from a person has in common with generic burglary is that both entail a risk that violence will erupt between the thief and the victim."); *United States v. Griffith*, 301 F.3d 880, 885 (8th Cir. 2002)("By its very nature, this crime involved a substantial risk that the victims of [the] conspiracy would be harmed when their property was taken from them."), *cert. denied*, 537 U.S. 1225 (2003); *United States v. Payne*, 163 F.3d 371, 374-75 (6th Cir. 1998)("This is clearly the type of situation that could result in violence. Any person falling victim to a crime involving such an invasion of personal space would likely resist or defend in a manner that could lead to immediate violence."); *United States v. Wofford*, 122 F.3d 787, 793 (9th Cir. 1997)("By definition, every conviction for grand theft from a person involves direct physical contact between the perpetrator and the victim . . . . When [the thief] confronts the victim and seizes property from the victim's person, the criminal creates a serious risk of physical injury to another[.]"); United *States v. Hawkins*, 69 F.3d 11, 13 (5th Cir. 1995)("[T]heft from a

8

person is a felony crime under the Texas Code that involves an inherent risk of injury to the victim." (citation omitted)); *United States v. De Jesus*, 984 F.2d 21, 23-25 (1st Cir. 1993)("[L]arceny from the person under Massachusetts law bears an inherent risk of violent outbreak.").

In fact, the Court finds that larceny from the person presents an even greater risk of physical injury to another than burglary because the victim is *always* present at the scene of the crime. The *James* Court reached a similar conclusion when it found that attempted burglary presented an even greater risk than burglary because "[m]any completed burglaries do not involve such confrontations. But many attempted burglaries often do; indeed, it is often just such outside intervention that prevents the attempt from ripening into completion." *James*, 550 U.S. at 204. Here, as in *James*, the victim's presence increases the risk of physical confrontation because his property and his person are threatened. Larceny from the person necessarily presents a greater risk of physical injury than burglary because the victim is always present at the time when his property is in danger.

Defendant does not dispute that Virginia's larceny from the person presents a potential for confrontation between the victim and the offender such that physical injury could result.

9

Rather, Defendant contends that the offense is not violent and aggressive under the ACCA's violent felony test espoused under *Begay*. The Court now addresses whether larceny from the person is purposeful, violent and aggressive.

B. Similar in kind

The Court also finds that Virginia's larceny from the person is similar in kind to burglary because it is purposeful, violent and aggressive. It is not enough that an offense present a serious potential risk of physical injury. To qualify as a violent felony under the ACCA's residual clause, the offense must be "similar, in kind as well as in degree of risk posed, to the [enumerated] examples themselves." *Begay*, 128 S. Ct. at 1585 (citations omitted). In specifically enumerating burglary, arson, extortion, and use of explosives together with the residual clause in § 924(e)(2)(B)(ii), Congress limited the application of the residual clause to offenses that have characteristics similar to the enumerated offenses in that they "typically involve purposeful, violent and aggressive conduct." *Id.* at 1586 (citations omitted).

Here, larceny from the person is purposeful, violent and aggressive because in taking the victim's property, the offender engages in conduct that creates the risk of an immediate violent confrontation. The parties agree that a conviction under

10

Virginia's larceny from the person statute requires purposeful action. The Court finds that the offense also involves conduct that is both violent and aggressive.

To be convicted under Virginia's statute an offender must approach his victim and remove the victim's property directly from his person or from his immediate control. There are few more aggressive acts than approaching an individual and taking what is rightfully his. Furthermore, as mentioned above, the element "from the person" foreshadows the victim responding by resisting or giving chase to an offender who takes and carries away the victim's property. Consequently, the risk or threat of physical injury from this contact is present.

Defendant argues that the two requirements—serious potential risk of physical injury to another and similar in kind to the enumerated offenses—cannot be satisfied based on the same reasoning because, according to *United States v. Thornton*, 54 F.3d 443, 448 (4th Cir. 2009), the *Begay* court rejected the notion that every crime involving a serious potential risk of physical injury is a violent felony. Defendant's argument, however, is misplaced for two reasons. First, given that the ACCA is meant to address career offenders, violence and aggressiveness are essential to the violent felony analysis. Second, while *Begay* did in fact hold that satisfaction of the

first prong alone was insufficient, its analysis focused heavily on the fact that an offense must be purposeful to be similar in kind, a requirement clearly satisfied here.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant qualifies for the ACCA's mandatory minimum fifteen years imprisonment and the Defendant's objection to application of the ACCA sentence enhancement is overruled.

Entered this 4th day of December, 2009.

Alexandria, Virginia

12/ 04 /09

/s/
Gerald Bruce Lee
United States District Judge